UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Talent Ocean International, LLC, a Florida
limited liability company,

                Plaintiff,

vs.                                              Case No.  3:12-cv-144-J-32MCR

Federal Deposit Insurance Corporation, as
Receiver for Silverton Bridge Bank,

                Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel or For *In Camera* Inspection (Doc. 24) filed November 14, 2012.  Plaintiff filed its response in opposition to Defendant's Motion on November 30, 2012 (Doc. 28).  Accordingly, this matter is now ripe for judicial review.

**I.**      **BACKGROUND**

This action concerns a dispute over the entitlement to an earnest money deposit Plaintiff provided to Defendant in conjunction with a real estate purchase agreement. Plaintiff contends it is entitled to return of the deposit because it properly terminated the contract due to a breach by Defendant.  See (Doc. 4).  However, Defendant maintains that it cured any purported breach and/or that Plaintiff waived any breach of contract claim.

On May 23, 2012, Defendant served its First Request for Production on Plaintiff.

On June 26, 2012, Defendant also issued two subpoenas on Plaintiff's real estate agent, Ms. Carrie Atkins, and her company, River Point Real Estate.  See (Doc. 24-A). On July 17, 2012, Plaintiff produced documents responsive to Defendant's requests.  At that time, Plaintiff also served a privilege log listing documents withheld from production. Plaintiff served an amended privilege log on August 3, 2012.[1]  See (Doc. 24-B).

On November 14, 2012, Defendant filed the instant Motion requesting an Order compelling the production of certain documents listed on Plaintiff's Privilege Logs. Specifically, Defendant seeks the production of certain email communications between: (1) Plaintiff, its attorney, Randy Crabtree, Esq., and Ms. Atkins; and (2) Mr. Crabtree and Ms. Atkins.

## II. ANALYSIS

Defendant contends that the inclusion of Ms. Atkins in the email communications between Plaintiff and Mr. Crabtree destroyed the attorney-client privilege.[2]  Defendant further argues that the exclusion of Plaintiff also destroys the privilege.

Under Florida law,[3] "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the

---

[1] The privilege logs were prepared in accordance with this Court's privilege log standards.  See Knights Armament Co. v. Optical Sys. Tech., Inc., 254 F.R.D. 463 (M.D. Fla. 2008); AARP v. Kramer Lead Marketing Group, 2005 U.S. Dist. LEXIS 36970 at *9 (M.D. Fla. July 26, 2005).

[2] Defendant does not challenge assertions of privilege for communications between Talent Ocean and Mr. Crabtree "where Ms. Atkins was not included."  (Doc. 24, p. 4).

[3] Pursuant to Rule 501, Federal Rules of Evidence, Florida law governs the determination of whether the documents at issue are privileged.

rendition of legal services to the client." § 90.502, Fla. Stat.  "[C]ommunications between an agent of a corporation and employees or attorneys of the corporation may be protected as attorney-client communications if for the purpose of seeking legal advice." AARP v. Kramer Lead Marketing Group, 2005 U.S. Dist. LEXIS 36970 at *15 (M.D. Fla. July 26, 2005).

Here, the subject email correspondence contains communications concerning the following:

(1) Requests for legal interpretation of the purchase and sale contract between Plaintiff and Defendant;
(2) Legal advice requested and given regarding Defendant's default under the contract and position regarding same;
(3) Legal advice requested and given regarding title issues with the real estate at issue.

See (Doc. 24-B).  As an intermediary between Plaintiff and Defendant, Ms. Atkins's inclusion in attorney-client communications regarding the above-listed topics appears to be in furtherance of legal services rendered to Plaintiff.

With regard to the communications between Ms. Atkins and Mr. Crabtree which did not include Plaintiff, "[f]or the purpose of section 90.502, statements made by or to a representative or agent of either the client or the attorney are protected as if they were made by the client or the attorney." Charles W. Ehrhardt, Florida Evidence 502.2 (2011 ed.); Gerheiser v. Stephens, 712 So. 2d 1252 (Fla. 4th DCA 1998).  Plaintiff claims these communications involved legal advice received by Ms. Atkins in her capacity as Plaintiff's agent.  The Court has thoroughly reviewed the Privilege Logs and has no reason to doubt Plaintiff's assertions regarding the privileged content of the listed email communications.

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to Compel or For *In Camera* Inspection (Doc. 24) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of December, 2012.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MONTE C. RICHARDSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record